JOHN REED, Assignee, etc. v. SAMUEL LAURENCE.

*On a Caveat.*

The plaintiff on the 28th day of November, in the year 1786, entered the following caveat, to-wit:

"Let no grant issue to Samuel Laurence, assignee of Thomas Johnson, who was assignee of Edward Hammond, his heirs or assigns, for 1,000 acres of land surveyed by virtue of a pre-emption warrant, No. 703, on the 9th day of May, 1786, on the Rolling fork of Salt river, and returned to the deputy register's office the 13th day of September, 1786, because John Reed claims the same, or so much thereof as interferes with his pre-emption of 1,000 acres, as assignee of George Helms, who was assignee of Constant Cade."

George Helms on the 2d day of February, in the year 1780, obtained the following certificate from the commissioners, to-wit:

"George Helms, assignee of Constant Cade, this day claimed a pre-emption of 1,000 acres of land, at the state price, in the district of Kentucky, on account of the said Cade's marking and improving the same, in the year 1776, lying on the north branch of the Hanging fork of Dick's river, near the Knob lick, adjoining the lands said to be claimed by Edward Bulger and Burr Harris. Satisfactory proof being made to the court, they are of opinion that the said Helms, etc., has a right to a pre-emption of 1,000 acres of land, to include the said improvement, and that a certificate issue accordingly."

And on the 17th day of February, in the same year, the said George Helms removed the location of his said pre-emption, and re-entered the same in the following words, to-wit:

"George Helms moves the court to have a location removed, which he obtained as assignee of Constant Cade. Sufficient cause appearing to the court for the same, it is granted him, and he now locates the same, lying on a branch of Green river, known by the name of Elk Garden, adjoining the lands of Marquis Helms below, to include an improvement made by Edward Bulger; ordered that a certificate issue accordingly."

The plaintiff, on the 30th day of October, 1786, made the following entry with the surveyor of Nelson county, on his pre-emption warrant, to-wit:

"John Reed, assignee of George Helms, who was assignee of Constant Cade, enters 1,000 acres upon a pre-emption warrant, No. 2,656, on a branch of the Rolling fork, known by the name of Elk Garden, joining the lands of Marquis Helms, below, to include an improvement made by Edward Bulger."

Edward Hammond on the 2d day of November, in the year 1779, obtained the following certificate from the commissioners, to-wit:

"Edward Hammond this day claimed a right to a settlement and pre-emption to a tract of land lying on the waters of the Rolling fork, below the South fork, about three-quarters of a mile, by settling in the year 1777, and residing in the country ever since. Satisfactory proof being made to the court, they are of opinion that the said Hammond has a right to 400 acres of land, including his settlement, and the pre-emption of 1,000 acres of land adjoining, and that a certificate issue accordingly."

On the 23d day of June, 1780, Thomas Johnson entered the pre-emption warrant in the following words, to-wit:

"Thomas Johnson, assignee of Edward Hammond, enters 1,000 acres on the Rolling fork, adjoining round his settlement."

Marquis Helms, on the 16th day of February, 1780, obtained from the commissioners the following certificate, to-wit:

"Marquis Helms, assignee of John Followay, this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, on account of the said Followay raising a crop of corn in the country, in the year 1775, lying on a branch of Green river called Elk Garden, and about fifteen miles from Gordon's lick, to include an improvement made by Edward Bulger. Satisfactory proof being made to the court, they are of opinion that the said Helms has a right to a settlement of 400 acres of land to include the above location, and the pre-emption of 1,000 acres adjoining, and that a certificate issue accordingly."

The annexed plat, No. 7, was returned in this cause, of which the following is an explanation:

A B C D, Marquis Helms' settlement, assignee of John Followay, according to survey. A E F G H I K L M N O P Q R C, John Reed's pre-emption of 1,000 acres, as assignee of George Helms, who was assignee of Constant Cade, according to survey. *a b c d e f*, Samuel Laurence's settlement of 400 acres, assignee of Thomas Johnson, who was assignee of Edward Hammond, according to survey. *b c g h i k l m*, Samuel Laurence's pre-emption of 1,000 acres, assignee of Thomas Johnson, who was assignee of Edward Hammond, according to survey. E B, an improvement,

with a tree·marked E B, said by the plaintiff to be E. Bulger's improvement. 1, the improvement claimed by the defendant. The interference is 408½ acres.

The following facts were found by a jury :

*First.*. That the improvement described on the connected plat, by the letters E B, in the survey of the plaintiff's pre-emption, as· assignee of George Helms, is not the same that is called for in the commissioners' certificate.

*Second.* That the plaintiff's pre-emption, as assignee of George Helms, is surveyed adjoining, and below the lands of Marquis· Helms, on the Rolling fork.

*Third.* That the plaintiff has not surveyed his said pre-emption on Elk Garden, a branch of Green river.

By the Court.—The defendant hath a better right to the land in controversy than the plaintiff. Caveat dismissed with costs, etc.